IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03030-DDD-KAS

EMANUEL PITTMAN,

　　　Plaintiff,

v.

BRYANT,

　　　Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendants' **Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)** [#18][1] (the "Motion"). Plaintiff, who proceeds as a pro se litigant,[2] filed a Response [#28] in opposition to the Motion [#18], and Defendant filed a Reply [#29]. The Motion [#18] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#26]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** that the Motion [#18] be **GRANTED**.

---

[1] "[#18]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## I. Background[3]

Plaintiff is a state prisoner who is incarcerated with the Colorado Department of Corrections ("CDOC"). *Compl.* [#1] at 2. At the time of the events alleged in the Complaint [#1], Plaintiff was held at the Sterling Correctional Facility ("SCF"). *Id.* at 5. Plaintiff alleges that, on December 30, 2022, his nose started running, he became short of breath, and he began wheezing and coughing up mucus after staff sprayed "OC"[4] in D Pod, Unit 7. *Id.* at 4. Plaintiff claims that he was housed in C Pod, Unit 7, but that the OC spray permeated throughout Unit 7 to pods A, B, C, and D. *Id.* Plaintiff alleges that staff easily could have seen on the computer that he is "OC restricted," meaning that he "ha[s] breathing issues once OC is deployed." *Id.* at 15.

Plaintiff told Officer Cardenas, a former defendant in this lawsuit, *see Order* [#10], that he needed medical attention because the OC spray was "screwing up [his] asthma." *Compl.* [#1] at 4. Officer Cardenas responded that the OC spray could not be bothering Plaintiff because it had been sprayed too far away to affect him. *Id.* When Defendant Bryant, one of the correctional officers, later came to pick up Plaintiff's lunch tray, Plaintiff told him that Officer Cardenas was "refusing [him] medical attention from the control

---

[3] To resolve the Motion [#18], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Complaint [#1]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, to the extent that Plaintiff provides additional allegations or possible new claims in his briefs, the Court notes that a party may not amend his complaint in motion briefing. *See, e.g.*, *Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief"); *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (stating that it is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss").

[4] The Court construes Plaintiff's reference to "OC" to mean Oleoresin Capsicum spray, more commonly known as pepper spray. *See Arroyo v. Privett*, No. 22-1307, 2024 WL 4129820, at *2 n.5 (10th Cir. Sept. 10, 2024).

2

tower." *Id.* Plaintiff alleges that Defendant Bryant witnessed him "having a [sic] asthma attack" *Id.* at 6. Plaintiff told Defendant Bryant that he was having a medical emergency and asked to talk to Captain Jackson. *Id.* at 4. Plaintiff alleges that he refused to let Defendant Bryant close the tray slot and demanded medical attention while "wheezing and coughing up mucus." *Id.* at 5. Defendant Bryant told Plaintiff that he would call for medical help and notify Captain Jackson if Plaintiff let him close the tray slot. *Id.* Plaintiff alleges that Defendant Bryant left and did not return. *Id.* Plaintiff waited in his cell with a wet towel over his face, wheezing and coughing until he fell asleep. *Id.* Plaintiff states that he was confined to his cell 24 hours a day at SCF and thus completely reliant on staff to get medical attention. *Id.* at 5. Plaintiff claims that, as a result of Defendant Bryant's alleged inaction, he endures "pain, suffering, physical injury which is ongoing, and emotional distress." *Id.* at 6.

Based on the foregoing, Plaintiff asserts that Defendant Bryant, in his individual capacity, violated Plaintiff's Eighth Amendment rights.[5] Plaintiff seeks $500,000 in compensatory damages and $20,000 in punitive damages.[6] *Id.* at 18-19. In the present

---

[5] Plaintiff's claims for "intentional tort" and "negligent tort" under the Federal Tort Claims Act, as well as all official capacity claims and the individual capacity claims against Officers Cardenas and Jackson, were previously dismissed, leaving only the individual capacity constitutional claim against Defendant Bryant. *Order* [#10] at 1-2.

[6] Plaintiff also seeks injunctive and declaratory relief. *Compl.* [#1] at 18, 20 (seeking a "preliminary and permanent injunction ordering CDOC hault [sic] any and all violations of Plaintiff Pittman which have been ongoing for over 2 years by numerous staff in different facility placements" and a "declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United States"). The Tenth Circuit has held that "[§] 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive [or other non-monetary] relief." *Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011). Therefore, because only the individual-capacity claim remains against Defendant Bryant, Plaintiff may not obtain injunctive or declaratory relief from him, only monetary relief.

Motion [#18], Defendant Bryant seeks dismissal of the sole remaining claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Standard of Review

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do . . . . [n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III. Analysis

Plaintiff asserts that Defendant Bryant violated his Eighth Amendment rights through his deliberate indifference to Plaintiff's medical needs. *Compl.* [#1] at 6. Defendant Bryant argues that (1) Plaintiff failed to state an adequate Eighth Amendment claim under Fed. R. Civ. P. 12(b)(6); and (2) even if Plaintiff stated a claim, Defendant Bryant is entitled to qualified immunity.[7] *See Motion* [#18] at 3.

A qualified immunity defense "protects government officials from civil liability so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Arnold v. City of Olathe*, 35 F.4th 778, 788 (10th Cir. 2022) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "[Q]ualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021) (per curiam) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)). To determine whether qualified immunity applies, the Court considers (1) whether "the officers' alleged conduct violated a constitutional right," and, if so, (2) whether "it was clearly established at the time of the violation, such that every reasonable official would have understood, that such conduct constituted a violation of that right." *Wise v. Caffey*, 72 F.4th 1199, 1205 (10th Cir. 2023) (citation and internal quotation marks omitted).

---

[7] The Court notes that this lawsuit is Plaintiff's second attempt to hold Defendant Bryant liable for his actions/inaction based on this same incident. *See Pittman v. Cardenas*, No. 23-cv-00390-LTB-KLM, 2023 WL 4623027 (D. Colo. May 8, 2023). In the prior lawsuit, Plaintiff's claim was deemed insufficient to pass initial review. *Id.* at *3. Plaintiff made a few amendments to his allegations in the present lawsuit, and the claim was this time deemed sufficient to pass initial review. *See* [#9, #10]. However, for the reasons explained below, the Court finds that, pursuant to the standards of Fed. R. Civ. P. 12(b)(6), Plaintiff's claim against Defendant Bryant in this suit must also be dismissed.

"A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). The "deliberate indifference standard lies 'somewhere between the poles of negligence at one end and purpose or knowledge at the other.'" *Est. of Beauford v. Mesa County, Colo.*, 35 F.4th 1248, 1262 (10th Cir. 2022) (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The deliberate indifference standard contains "both an objective and a subjective component." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

## A.    Objective Component

The objective component of a deliberate indifference claim requires that the "deprivation is 'sufficiently serious.'" *Sealock*, 218 F.3d at 1209 (quoting *Farmer*, 511 U.S. at 834). "A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock*, 218 F.3d at 1209 (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).

Here, Plaintiff fails to adequately allege the objective component. "[A]sthma can be, and frequently is, a serious medical condition, depending on the severity of the attacks." *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005); *see also Adams v. Poag*, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (finding that an incarcerated asthmatic who developed continual breathing problems with intermittent hyperventilating, coughing, and wheezing had a serious medical need). Here, however, there is no indication that Plaintiff was enduring a *severe* attack, as discussed in greater detail in Section III.B. below, or that he was in pain, as opposed to mere discomfort; after his interactions with Defendant

Bryant, Plaintiff put a wet towel over his face and was able to fall asleep. *See, e.g.*, *Compl.* [#1] at 9. While suffering an asthma attack, wheezing, and coughing may understandably result in discomfort or distress, that alone does not rise to the level of being "sufficiently serious." *See, e.g.*, *Hammond v. Doe*, No. 14-cv-01991-MEH, 2014 WL 7403236, at *4 (D. Colo. Dec. 29, 2014) (concluding that the plaintiff's allegations that "she suffered a severe asthma attack from which she 'eventually passed out,'" and that breathing difficulties continued after she regained consciousness, were sufficient to meet the objective component of her deliberate indifference claim).

In short, based on the facts alleged in the Complaint [#1], the Court finds that Plaintiff fails to adequately allege the objective component of his deliberate indifference claim.

## B.    Subjective Component

Even assuming that Plaintiff adequately alleged the objective component of his deliberate indifference claim, the Court further finds that he has failed to adequately allege the subjective component. The subjective prong requires the plaintiff to establish that a prison official had a sufficiently culpable state of mind, i.e., that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Est. of Beauford*, 35 F.4th at 1262-63 (quoting *Farmer*, 511 U.S. at 837).

Based on Plaintiff's allegations, Defendant Bryant subjectively knew that Plaintiff was wheezing and coughing up mucus. *Compl.* [#1] at 5. He also observed that Plaintiff was able to hand him a lunch tray and trash through the cell door's tray slot; there are no

allegations that Plaintiff had any difficulty doing so despite his medical issue. *See, e.g.*, *id.* at 4. Defendant Bryant also knew that Plaintiff could converse with him, in that Plaintiff explained to Defendant Bryant that the staff in the control tower were refusing him medical attention, that Plaintiff was "declaring a medical emergency with" Defendant Bryant, and that Plaintiff wanted to talk with Captain Jackson about the issue. *Id.* There are no allegations that Plaintiff had difficulty speaking or making Defendant Bryant understand him. *Id.* There are no allegations that Defendant Bryant independently knew or was directly told by Plaintiff that Plaintiff suffered from asthma. There are no allegations that Defendant Bryant actually knew or was told by Plaintiff that Plaintiff was OC-restricted; rather, Plaintiff merely alleges that such information was "readily available" to Defendant Bryant in the prison's computer system. *Id.* at 14. One can reasonably infer from the allegations that Defendant Bryant knew that Plaintiff, despite his medical issue, was able to understand Defendant Bryant, who allegedly told Plaintiff that, if Plaintiff let him close the tray slot, he would get medical help and relay Plaintiff's concerns to Captain Jackson, who was in charge of the unit at the time. *Id.* at 8-9. Finally, there are no allegations that Plaintiff conveyed that he was in pain, as opposed to mere discomfort, or that Defendant Bryant observed that Plaintiff was enduring any pain. *See, e.g.*, *id.* The Court finds that these allegations do not demonstrate that Defendant Bryant knew of and disregarded an *excessive* risk to Plaintiff's health or safety. *See Est. of Beauford*, 35 F.4th at 1262-63.

Further, a delay in medical care only violates the Eighth Amendment where Plaintiff can show that the delay resulted in "substantial harm." *Marks v. Kansas*, 75 F. App'x 712, 715 (10th Cir. 2003) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). The substantial harm requirement may be satisfied by "lifelong handicap, permanent loss,

or considerable pain." *Garrett*, 254 F.3d at 950 (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1278 (10th Cir. 2001)). Here, Plaintiff fails to allege that any delay in medical care caused him substantial harm. While Plaintiff alleges experiencing "pain, suffering, physical injury which is ongoing, and emotional distress," he has not alleged sufficient facts to support these bare-bones assertions. *Compl.* [#1] at 6. In short, Plaintiff alleges that the OC spray triggered an asthma attack and that he wheezed and coughed up mucus until he fell asleep in his cell. *Id.* at 4-5. However, Plaintiff has not alleged that he suffered lifelong handicap, permanent loss, or considerable pain because of this incident. *See Marks*, 75 F. App'x at 715.

In support of these conclusions regarding the subjective prong, the Court points to two examples. First, in *Blount v. Marin*, No. 19-cv-00500-DDD-MEH, 2020 WL 5230711, at *7-8 (D. Colo. Sept. 2, 2020), the asthmatic incarcerated plaintiff had asserted that he was having problems breathing and that his skin, nose, and throat were burning from OC spray which had been utilized in an area near the gym where he was working out. However, he failed to demonstrate that the correctional-officer defendants disregarded any obvious or known risk of serious harm to him. *Blount*, 2020 WL 5230711, at *8. The court observed: "for example, there are no allegations that other persons (i.e., inmates or other correctional officers) recognized that [the plaintiff] was suffering symptoms or having difficulty breathing nor evidence that [the plaintiff] was unable to talk, walk, or otherwise function in a way that would make his symptoms obvious to an observer and were 'so great as to make it highly probable that harm would follow' if he received no medical attention." *Id.* Here, too, Plaintiff has not alleged that he could not "talk, walk, or otherwise

function in a way" to make known to Defendant Bryant that any inaction could result in substantial harm to Plaintiff.

Second, in *Daniels v. Harper*, 640 F. App'x 519, 521 (7th Cir. 2016), the incarcerated plaintiff told the nurse defendant that he was having problems breathing because of his asthma and that he wanted treatment. The Seventh Circuit Court of Appeals found that the plaintiff failed to adequately allege the subjective component because "[h]e did not report, and does not assert that he displayed, to her the symptoms of an attack that he says he developed only later, after she saw him: wheezing, coughing, shallow breathing, nausea, light-headedness, and an inability to complete sentences." *Daniels*, 640 F. App'x at 521 (emphasis omitted); *see also Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (holding that an arrested plaintiff who said to a police-officer defendant that he had asthma, "can't breathe," and "needed [his] medication," but did not "exhibit[ ] physical symptoms reflective of an asthma attack," did not demonstrate a serious medical condition). Here, too, while Plaintiff displayed some symptoms to Defendant Bryant, he does not allege that the severity of the symptoms were such that Defendant Bryant would have known that inaction would lead to substantial harm to Plaintiff.

Thus, the Court finds that Plaintiff has failed to adequately allege the subjective component of his deliberate indifference claim. The Court therefore further finds that Plaintiff has failed to state a claim that Defendant Bryant violated his constitutional rights.[8] Accordingly, the Court **recommends** that Plaintiff's Eighth Amendment claim be

---

[8] The Court notes that, even assuming that Plaintiff adequately alleged his claim, the Court has found no legal authority demonstrating that Defendant Bryant, under the specific circumstances alleged in this case, violated a clearly established right; therefore, Defendant Bryant would also be entitled to qualified immunity.

**dismissed with prejudice**. Typically, the Court would dismiss a claim without prejudice where a party could potentially adequately allege the claim if given leave to amend his complaint. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990) (holding that district court erred in dismissing pro se prisoner's complaint with prejudice because dismissal with leave to amend is appropriate where the pleading defects can be corrected). Here, however, this is Plaintiff's second lawsuit concerning the same incident and the second time that the Court has addressed the merits of his claims. *See Pittman v. Cardenas*, No. 23-cv-00390-LTB-KLM, 2023 WL 4623027, at *3 (D. Colo. May 8, 2023). At this point, Plaintiff appears unable to sufficiently allege a deliberate indifference claim based on the events underlying this incident. Therefore, dismissal with prejudice is appropriate. *See, e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#18] be **GRANTED** and that Plaintiff's Complaint [#1] be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 11, 2025                BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge